## Keilman v. Ardizone

*James E. Colleran*, for plaintiffs.
*Albert J. Schell, Jr.*, for defendants.

SNYDER, *J.*, January 13, 1978—Plaintiffs filed a complaint in trespass against defendant physician, alleging medical malpractice. According to the complaint, defendant committed the alleged medi-

cal malpractice during surgery performed in February 1975. In February 1976, defendant performed "further surgery . . . for the purpose of correcting" the prior alleged malpractice. Plaintiffs contend that additional malpractice was committed during the second surgical operation, and have included this allegation in their complaint.

Defendants filed preliminary objections to their complaint, arguing that the court of common pleas has no jurisdiction over the alleged negligence committed during the second surgical operation. The argument advanced is that any additional negligence was committed after the January 13, 1976, effective date of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.309, and, according to this act, an arbitration panel has "original exclusive jurisdiction" to hear plaintiffs' second allegation. The objections were dismissed, and an appeal followed.

To borrow standards set out in the Pennsylvania Rules of Civil Procedure, this court is concerned with the "just, speedy and inexpensive determination" of plaintiffs' claims without affecting defendants' "substantial rights." See Pa.R.C.P. 126.

To sever plaintiffs' two causes of action would be unjust, since it is averred that the two acts of negligence are connected. In addition, severance would not promote a speedy and inexpensive determination, since the same case would have to be heard in two separate lawsuits. Finally, the substantial rights of defendants would not be affected, since the act provides that the decision of the arbitration panel can be appealed to the court of common pleas for a trial de novo. See 40 P.S. §1301.509. Consequently, the court of common pleas would probably wind up hearing plaintiffs' second claim in any case.

Therefore, defendants' argument was rejected and the objections dismissed.